UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                     No. 1:13-cr-00966-JCH

MATTHEW CHANNON and
BRANDI CHANNON,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Government's Motion to Correct the Amended Judgment (ECF No. 386) and Defendant Brandi Channon's Motion to Stay Sentence of Probation and Payment of Restitution, and Order of Forfeiture (ECF No. 391).

**1.  The Court will enter a corrected written judgment reflecting that Mrs. Channon is obligated to pay interest on the restitution amount**

The Court sentenced Mrs. Brandi Channon on October 20, 2016. During sentencing, Mrs. Channon's lawyer never requested a waiver of Mrs. Channon's obligation to pay interest on the restitution amount she was adjudged to pay. Her husband, Matthew Channon, did successfully move for a waiver of interest during his separate sentencing. *See* Sentencing Hr'g. Tr. 135:19-21; 136:22-23, ECF No. 374. On November 7, 2016, the Court entered an amended judgment against Mrs. Channon. *See* ECF No. 380. In the sections titled "Criminal Monetary Penalties" and "Schedule of Payments" the amended judgment stated that "[a]ll interest is waived," even though the Court did not waive interest in its oral pronouncement. *Id*. at 6.

1

On November 10, 2016, the Government moved pursuant to Federal Rule of Criminal Procedure 36 to correct the amended judgment. Rule 36 allows a district court at any time to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Government asked the Court to correct its amended judgment "to bring it into conformity with [its] orally pronounced sentence" that "interest on the restitution amount was not waived as to Defendant Brandi Channon." ECF No. 386 at 2 (quoting *United States v. Kieffer*, 596 F. App'x 653, 660 (10th Cir. 2014) ("While Rule 36 does not give a court authority to substantively change a defendant's sentence, it authorizes amendment to a written judgment to bring it into conformity with an orally pronounced sentence.")) (*Kieffer I*).

Mrs. Channon, through her counsel, responded in opposition and requested a hearing. In the opposition brief, "[c]ounsel … admit[ed] that he failed to make a request on Ms. Channon's behalf that the Court waive the interest on the restitution" because he "was focused on … secur[ing] a non-custodial sentence for" his client. ECF No. 390, 2. Counsel said that he "plainly erred" by not moving for a waiver and that this error affects Mrs. Channon's substantial rights in part because her "identically situated codefendant," Mr. Channon, secured a waiver of interest. *Id*. 2, 3. Mrs. Channon "request[ed] a hearing on the … if necessary, to make a sufficient record to support the waiver of interest …." *Id*. at 3.

"It is well-established that an orally pronounced sentence controls over a written judgment when the two conflict." *Kieffer I*, 596 F. App'x at 661; *United States v. Villano*, 816 F.2d 1448, 1451 (10th Cir. 1987) (en banc) ("The sentence orally pronounced from the bench is the sentence."). "Rule 36 is narrow, applying only to uncontroversial and non-substantive clerical errors of the sort that a clerk or amanuensis might commit, mechanical in nature." *Kieffer I*, 596

F. App'x at 660 (citation and quotation marks omitted). "A Rule 36 clerical error should appear on the face of the record, leaving little need for adversary proceedings to clarify the issue." *Id.* (citation and quotation marks omitted). However, Rule 36 does not authorize district courts to substantively modify sentences. *See United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Examples of improper Rule 36 alterations include changing the length of a sentence, ordering restitution, adjusting restitution liability, and removing terms of supervised release from a written judgment. *See United States v. Kieffer*, 702 F. App'x 734, 737-38 (10th Cir. 2017) (citations omitted) (*Kieffer II*).

The Court holds that its written amended judgment should be corrected to reflect the Court's oral sentence, which did not waive interest on restitution. A review of the sentencing transcript shows that Mrs. Channon did not move for, and thus the Court did not grant, a waiver of interest. *See United States v. Sasser*, 974 F.2d 1544, 1561 (10th Cir. 1992) (holding that a written judgment could be corrected to provide that the defendant's sentences would be served consecutively because the sentencing transcript showed that the district court had intended the sentences to run consecutively). Again, "orally pronounced sentences trump written judgments when the two conflict." *Kieffer II*, 702 F. App'x at 738. The discrepancy between the written judgment and the Court's oral pronouncement appears to be the result of a clerical mistake. Rule 36 should therefore be used to correct the amended judgment "to bring it into conformity with [the] orally pronounced sentence." *Kieffer I*, 596 F. App'x at 660. The Court denies Mrs. Channon's request for a hearing because there is no "need for adversary proceedings to clarify the issue." *Id.* The Court will enter a Second Amended Judgment. The Second Amended Judgment will omit the reference to a waiver of interest currently located at ECF No. 380 at 6.

**2.  Mrs. Channon's request for a stay is moot**

Following sentencing in 2016, Mrs. Channon moved for an "order that her sentence of probation and payment of restitution, and the order of forfeiture each be stayed pending appeal of her convictions, sentence of restitution, and order of forfeiture to the United States Court of Appeals for the Tenth Circuit." ECF No. 391 at 1. She subsequently withdrew the parts of her motion "pertain[ing] to her sentence of probation and payment of restitution," but otherwise maintained her request "to stay the order of forfeiture" pending resolution of her appeal. ECF No. 445.

In September 2020, the Tenth Circuit disposed of Mrs. Channon and her husband's appeal by affirming the forfeiture order entered against them. *United States v. Channon*, 973 F.3d 1105 (10th Cir. 2020). The appeal process is complete. Mrs. Channon's motion is therefore denied as moot given subsequent litigation events.

**IT IS THEREFORE ORDERED that** the Government's Motion to Correct the Amended Judgment **(ECF No. 386)** is **GRANTED**. The Court will enter a Second Amended Judgment to omit the current written judgment's statement that "[a]ll interest is waived," ECF No. 380 at 6, on the amount of restitution Mrs. Channon must pay.

**IT IS FURTHER ORDERED that** Defendant Brandi Channon's Motion to Stay Sentence of Probation and Payment of Restitution, and Order of Forfeiture **(ECF No. 391)** is **DENIED as MOOT**.

**IT IS SO ORDERED**.

_____
HONORABLE JUDITH C. HERRERA
Senior United States District Judge